(Del. Rev.12/98)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE


RECEIVED
OCT - 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Kendall Raye Rogers
_____
(Name of Plaintiff or Plaintiffs)

05-721

v.                                          CIVIL ACTION No. ___

State of Delaware, Dept.
of Public Safety / DMV
_____
(Name of Defendant or Defendants)

## COMPLAINT UNDER TITLE VII
## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at  23 S. Kirkwood St.
   (Street Address)
   Dover         Kent         DE.         19904
   (City)       (County)     (State)     (Zip Code)
   302  678  1218
   (Area Code) (Phone Number)

3. Defendant resides at, or its business is located at  303 Transportation Circle
   (Street Address)
   P.O. Box 818 Dover,  Kent  DE.   19903-0810
   (City)       (County)     (State)     (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's _____ place of bussiness
   (Defendant's Name)
   located at _____
   (Street Address)
   _____
   (City)       (County)     (State)     (Zip Code)

5. The alleged discriminatory acts occurred on __18__, __2__, __03__.
                                                (Day)   (Month)  (Year)

6. The alleged discriminatory practice  ○ is  ● is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,
__Division of Industrial Affairs 4425 N. Market St. Wilmington, DE. 19802__
   (Agency)        (Street Address)              (City)
_____ __DE,__ _____ __19802__ _____, regarding
(County)   (State)              (Zip Code)
defendant's alleged discriminatory conduct on _____, _____, _____.
                                                (Day)      (Month)     (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States
regarding defendant's alleged discriminatory conduct on: _____, _____, _____.
                                                          (Day)      (Month)     (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter
which was received by plaintiff on: __19__, __Jul__, __05__.
                                     (Day)   (Month)  (Year)

**(NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)**

10. The alleged discriminatory acts, in this suit, concern:
    A.  ○  Failure to employ plaintiff.
    B.  ○  Termination of plaintiff's employment.
    C.  ○  Failure to promote plaintiff.
    (D.) ●  Other acts (please specify below)

__Employment discrimination (retaliation)__

11. Defendant's conduct is discriminatory with respect to the following:

   (A)  ✓ Plaintiff's race
   B.   ○ Plaintiff's color
   C.   ○ Plaintiff's sex
   D.   ○ Plaintiff's religion
   E.   ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

**THEREFORE, Plaintiff prays as follows: (Check appropriate letter(s))**

   (A)  ○ That all fees, cost or security attendant to this litigation be hereby waived.
   (B)  ○ That the Court appoint legal counsel.
   (C)  ○ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: __10-7-05__

__Kendall Raye Rogers__
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

**U.S. Department of Justice**



Civil Rights Division

---

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp/emphome.html*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

BJS:WBF:mdw
DJ 170- 15-133

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JUL 1 9 2005

Kendall Rogers
23 South Kirkwood Street
Dover, DE 19904

        Re: Kendall Rogers v. State of Delaware, Department
            of Public Safety, EEOC No. 17C-2003-00220

Dear Mr. Rogers:

    It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.
    You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.
    Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 42 U.S.C. 2000e-5(f)(1).
    We are returning the files in this matter to EEOC's Philadelphia District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Marie M. Tomasso, District Director, EEOC, The Bourse, 21 S. 5th St., Suite 400, Philadelphia, PA 19106-2515.

                                        Sincerely,

                                        Bradley J. Schlozman
                                        Acting Assistant Attorney General
                                        Civil Rights Division

                By:                  William B. Fenton
                                        Deputy Chief
                                        Employment Litigation Section

cc: State of Delaware
    Department of Public Safety



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

The Bourse, Suite 400
21 S. Fifth Street
Philadelphia, PA 19106-2515
PH: (215) 451-5800
TDD: (215) 451-5814
FAX: (215) 451-5804/5767

Charge Number 17C-2003-00220

Kendall Rogers
23 South Kirkwood Street
Dover, DE 19904

        Charging Party

v.

State of Delaware Department of Public Safety
303 Transportation Circle
P.O. Box 818
Dover, DE 19903-0810

        Respondent

### LETTER OF DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC), I issue on behalf of the EEOC the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended (Title VII). The timeliness and all other jurisdictional requirements have been met.

Charging Party was hired by the Respondent in April 1997 as a Motor Vehicle Technician II. On March 5, 2002, Charging Party filed a complaint of race discrimination against the Respondent. On January 15, 2003, Charging Party's received a "no cause" finding. Charging Party alleged that on February 18, 2003, he was involuntarily transferred to another site 50 miles from his former work location. Charging Party alleged that he was transferred because of his race (Black) and because he filed a charge of employment discrimination (retaliation).

Respondent denies the allegation and contends that in January 2002, Charging Party had to undergo surgery which resulted in temporary physical restrictions. The restrictions made it impossible for Charging Party to return to his former position in the Inspections Lanes. Charging Party was assigned to the Drivers Services Section. In August 2002, Charging Party's physician noted that Charging Party had indefinite physical restrictions and could not return to work in the Inspection Lanes. Therefore, Charging Party remained employed in the Drivers Service Sections. Respondent further contends that in January 2003, the Respondent asked five (5) Motor Vehicle Technicians, including Charging Party, if they would volunteer to be reassigned to the New Castle, Delaware facility. Since no one

volunteered, Charging Party was sent. Respondent contends that Charging Party was transferred because there was a vacant position in the Driver's Section in New Castle where Charging Party could work within his physical restrictions. The other technicians were in existing positions in the Dover Driver's Services Section.

The evidence supports Charging Party's allegation that he was discriminated against because of his race (Black) and retaliated against because he filed a charge of discrimination. Respondent contends that it first asked five (5) Motor Vehicle Technicians, including Charging Party, if they would volunteer to be reassigned to the New Castle facility. After no one volunteered, Charging Party was selected. This occurred after Charging Party met with three White managerial officials who informed him that he would be transferred to the New Castle facility. Charging Party's contends that there were at least two whites, one with more experience and one with less seniority who could have been transferred. The evidence supports Charging Party's contention. Moreover, Respondent has never disputed these facts. This coupled with the close proximity of the date Charging Party received the Delaware Department of Labor's findings and the date that he was transferred (less then a month) makes it highly suspect that Charging Party was retaliated against because he filed a previous charge of employment discrimination. The evidence also shows that Charging Party's race was a factor in Respondent's decision to transfer him to the New Castle facility.

Based on this analysis, I have determined that the evidence establishes a violation of Title VII of the 1964 Civil Rights Act, as amended.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard conciliation of this matter has now begun. Please be advised that upon receipt of this finding, and reasonable offer to resolve this matter will be considered. The Commission is seeking actual monetary losses/costs incurred by the Charging Party. A Commission representative will prepare a proposed Conciliation Agreement which will be mailed within the next ten (10) days. Again the Commission will consider any reasonable offer during this Conciliation period. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation. The confidentiality provisions of the statute and Commission Regulations apply to information obtained during conciliation

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved person and the Commission.

On behalf of the Commission,

7/30/04
Date

Marie M. Tomasso
District Director