# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL RAYE ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 05-721-KAJ |
| ) | |
| STATE OF DELAWARE, ) | |
| DEPARTMENT OF PUBLIC SAFETY/ ) | |
| DMV, ) | |
| ) | |
| Defendant, ) | |

## DEFENDANT'S REPLY BRIEF

## SUPPORTING THE MOTION FOR SUMMARY JUDGMENT

    State of Delaware
    Department of Justice

    Frederick H. Schranck (ID #925)
    Deputy Attorney General
    P.O. Box 778
    Dover, DE  19903
    (302) 760-2020
    Attorney for Defendant
    State of Delaware

DATE:     November 15, 2006

**TABLE OF CONTENTS**

TABLE OF CITATIONS ............................................................................................... iii

NATURE AND STAGE OF THE PROCEEDING ....................................................... 1

SUMMARY OF ARGUMENT ....................................................................................... 2

ARGUMENT .................................................................................................................... 3

SUMMARY JUDGMENT SHOULD BE GRANTED TO THE STATE AND
AGAINST PLAINTIFF, WHERE PLAINTIFF FAILED TO SHOW ANY
MATERIAL FACTS DISPUTING THE STATE'S CLAIM THAT THERE WAS NO
RACE-BASED RETALIATION AGAINST PLAINTIFF WITH RESPECT TO A
JOB-RELATED TRANSFER TO MEET OPERATIONAL NEEDS AND
ACCOMMODATE PLAINTIFF'S MEDICAL LIMITATIONS .................................... 3

    STANDARD OF REVIEW ON SUMMARY JUDGMENT .............................. 3

    MERITS OF THE ARGUMENT ...................................................................... 4

CONCLUSION ................................................................................................................. 7

# TABLE OF CITATIONS

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..............................................3

*Boyd v. Wilmington Police Department*, 439 F. Supp. 2d 343 (D.Del. 2006) .......3

*Fuentes v. Perskie*, 32 F.3d 759 (3d Cir.1994) .........................................................6

*Krouse v. Am. Sterilizer Co.*, 126 F.3d 494 (3d Cir.1997).........................................6

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).......3

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 *(1973)*........................................6

*Moore v. City of Philadelphia*, 461 F.3d 331, (3rd Cir. 2006) .................................6

**STATUTES**

42 U.S.C. § 2000e-3(a) ............................................................................. 1, 4, 5, 7

**RULES**

Fed. R. Civ. P. 56(c) ......................................................................................3, 4

## NATURE AND STAGE OF THE PROCEEDING

Kendall Raye Rogers ("Rogers" or "Plaintiff") filed this *pro se* litigation in October 2005, alleging a retaliatory job transfer in violation of 42 U.S.C. § 2000e-3(a), by the Division of Motor Vehicles ("DMV")[1] in February 2003. Complaint, D.I. #1. The State timely filed an Answer to the Complaint, D.I. #3, and discovery took place between the parties, as contemplated by the Court's scheduling order. (D.I. #10).

On September 27, 2006, the State filed its case-dispositive Motion for Summary Judgment, an Opening Brief in support of its position, and an Appendix that included several supporting documents made available to Plaintiff during discovery. (D.I. #28, 29, 30, 31).

On October 31, 2006, Rogers served on the Defendant's counsel a three-page document that apparently was intended to serve as an Answering Brief opposing the DMV's Motion. As of November 15, 2006, however, it does not appear that he filed a copy of this document with the Court, according to a discussion held between the Clerk's Office and staff for the Defendant's counsel.

This is the DMV's Reply Brief supporting its Motion for Summary Judgment.

---

[1] During a portion of the relevant time frame, the DMV was part of the State of Delaware's Department of Public Safety. It is now part of the Delaware Department of Transportation. The Defendant respectfully suggests that the caption of the case be simplified to name the State of Delaware as the Defendant, and uses that reference throughout this Brief.

1

## SUMMARY OF ARGUMENT

1. Should the State be granted summary judgment in this case, where Plaintiff failed to show any material facts in dispute challenging the State's position that it transferred Plaintiff to a temporary assignment at another DMV office for reasons unrelated to retaliatory motives or his race?

**ARGUMENT**

**SUMMARY JUDGMENT SHOULD BE GRANTED TO THE STATE AND AGAINST PLAINTIFF, WHERE PLAINTIFF FAILED TO SHOW ANY MATERIAL FACTS DISPUTING THE STATE'S CLAIM THAT THERE WAS NO RACE-BASED RETALIATION AGAINST PLAINTIFF WITH RESPECT TO A JOB-RELATED TRANSFER TO MEET OPERATIONAL NEEDS AND ACCOMMODATE PLAINTIFF'S MEDICAL LIMITATIONS.**

**I.    STANDARD OF REVIEW ON SUMMARY JUDGMENT.**

Defendant State of Delaware moved for summary judgment pursuant to Fed. R. Civ. Proc. 56 (c). In light of Plaintiff's terse response to that motion, a portion of this Court's recent discussion about the need to produce evidence to force a trial, in *Boyd v. Wilmington Police Department*, 439 F. Supp. 2d 343, 344 (D.Del. 2006), bears repeating for emphasis:

> Summary Judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). ... To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal citation omitted).  The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal citation omitted).  Accordingly, a mere scintilla of evidence in support of the non-moving party is insufficient for a court to deny summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

The facts of this case continue to be undisputed in all material respects, even after reviewing Plaintiff's October 31 submission. Plaintiff fails to produce or point to any evidence that his temporary transfer to a New Castle County DMV facility must have been related to his exercise of his civil rights. Instead, the facts

3

show that the Defendant was attempting to accommodate Plaintiff's physical limitations and meet its own operational needs, *without regard to* Plaintiff's then-ongoing Title VII litigation. Under these facts and the applicable law, therefore, summary judgment should be granted to the State and against Plaintiff.

## II.     MERITS OF THE ARGUMENT.

To fend off a motion for summary judgment, the non-moving party has to do more than simply re-phrase their initial Complaint. The person seeking to force the other side to a trial has to point to evidence in the record that tends to show a genuine dispute of material facts. Fed. R. Civ. Proc. 56(c).

The Opening Brief supporting the DMV's Motion for Summary Judgment cited and provided the Plaintiff and the Court with a coherent set of facts supporting the State's argument that the Plaintiff's lawsuit had no merit. As described in that record, the Division of Motor Vehicles acted in good faith in working to settle a prior lawsuit, and in dealing with Plaintiff's medical limitations and its own operational needs during the pendency of that prior litigation. It made a temporary transfer of the Plaintiff to one of its New Castle DMV centers for non-discriminatory, non-retaliatory reasons, after first attempting to locate volunteers willing to accept the transfer and finding none.

Well aware of Plaintiff's inclination to claim discriminatory motives for their routine personnel decisions, the DMV carefully documented its business-related reasons for its temporary transfer of Plaintiff to New Castle. Opening Brief at 13, n.5.   The management explained to Plaintiff what it was doing, why it

4

was doing it, and the conditions under which they would bring him back to work at the Dover DMV facility.

Rogers returned to work in Dover before he signed the settlement papers resolving his prior lawsuit.

So where is the Plaintiff's evidence of illegal, discriminatory retaliation in violation of Title VII?

Plaintiff's response to the DMV's Opening Brief is admittedly a *pro se* document. Even so, the State is entitled to more than Plaintiff's arguments and rehashing of his Complaint before being forced to undergo a trial in this case. Rogers needed to do far more in response to the now-undisputed facts presented by the DMV in support of its Motion for Summary Judgment. Rogers should have cited to facts in the record, providing the names of witnesses[2] and citations to relevant documents to defeat the Motion. Instead, and with all due respect to Rogers' status as a *pro se* litigant, he merely restated the bare-bones allegations that started this lawsuit. Even for a plaintiff without counsel, more than that is necessary to keep a case alive.

The DMV respectfully submits that the reason Mr. Rogers did not do more to defend against this Motion is because he can't. There really aren't any material facts in the record to show a genuine dispute about what actually happened during his tenure with the DMV while his other lawsuit was pending. The

---

[2] For example, Rogers claims that he asked white employees if they were asked to accept the transfer, and they allegedly told him they weren't. Plaintiff's response dated October 31, 2006, at Paragraph 13. However, he doesn't tell the Court who these alleged fellow employees were, or even when he allegedly asked the question. On the other hand, Bucky Stapleton, a DMV manager, reported in a March 19, 2003 e-mail that he specifically asked five persons, whom he named in the e-mail (including Rogers), if they would agree to go to New Castle. Appendix for Opening Brief on Motion for Summary Judgment, Exhibit 7, D.I. #31. Under these circumstances, there is no real dispute about this issue, since Rogers failed to produce any evidence disputing Stapleton's actions, other than his own say so.

material facts that are in the record are capable of only one legitimate interpretation—that being the position outlined by the DMV in their response to interrogatories and requests for production, and as detailed in the papers accompanying the DMV's Motion for Summary Judgment.

The Third Circuit's guidance for cases such as this, previously cited in the Opening Brief, describes the Plaintiff's problem succinctly:

> [Even i]f the employee establishes this *prima facie* case of retaliation, the familiar *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)] approach applies in which "the burden shifts to the employer to advance a legitimate, non-retaliatory reason" for its conduct and, if it does so, "the plaintiff must be able to convince the factfinder both that the employer's proffered explanation was false, and that retaliation was the real reason for the adverse employment action." *Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 500-01 (3d Cir.1997). To survive a motion for summary judgment in the employer's favor, a plaintiff must produce some evidence from which a jury could reasonably reach these conclusions. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994).

*Moore v. City of Philadelphia*, 461 F.3d 331, 342, (3rd. Cir. 2006).

In this case, Plaintiff completely failed to meet this burden of production. Therefore, DMV contends that its Motion should be granted, and that this unfortunate litigation should be brought to an end.

## CONCLUSION

As noted in the Opening Brief, Plaintiff filed a Title VII lawsuit against the DMV that was settled in 2004. Long before the parties concluded that settlement, however, the DMV transferred the Plaintiff to a New Castle County work site, where he could perform his duties commensurate with his physical limitations, and where the DMV needed someone with his job skills to meet the demands of the traveling public. When a statewide hiring freeze thawed, and the DMV could add new employees to its staff, it transferred Plaintiff back to Dover as promised, where he could work closer to home as he desired. Without any further connection between those facts, Plaintiff filed this new lawsuit, alleging retaliation.

The State's documentary evidence and responses to interrogatories submitted with its Motion for Summary Judgment showed that there were no disputes of material fact and that it was entitled to judgment as a matter of law. Plaintiff's response to the Motion was entirely inadequate to keep this case alive and force the DMV to a trial. The record shows instead no evidence that Plaintiff was being retaliated against, or showing that the reasons cited by the DMV to support its transfer decision were a pretext for a retaliatory motive.

For the reasons outlined and discussed in this Brief, therefore, the State submits that summary judgment should be granted in its favor, and that Plaintiff's Complaint should be dismissed with prejudice.

                                                Respectfully submitted,

                                                State of Delaware
                                                Department of Justice

                                                */s/ Frederick H. Schranck*
                                                Frederick H. Schranck (ID #925)
                                                Deputy Attorney General
                                                P.O. Box 778
                                                Dover, DE  19903
                                                (302) 760-2020
                                                Attorney for State Defendants

DATE:       November 15, 2006