


# STATE OF DELAWARE
### DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19904
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-2500

PLEASE REPLY TO:
P.O. Box 778
Dover, DE 19903
Ph: (302) 760-2020
Fax: (302) 739-2585
fritz.schranck@state.de.us

November 15, 2006

Honorable Kent A. Jordan
United States District Court
District of Delaware
Lockbox 10 US Courthouse
844 King Street
Wilmington, DE 19801

RE: Rogers v State of Delaware
CA No. 05-721-KAJ

Dear Judge Jordan:

Enclosed with this letter is a courtesy copy of the Defendant's Reply Brief supporting its Motion for Summary Judgment.

I have also enclosed for the court's convenience a copy of the Plaintiff's October 31 response to the Defendant's Opening Brief.

We learned today that the Plaintiff had served us with a copy of that October 31 response, but had not filed it with the Court.

While I will not formally object to the late filing of Plaintiff's response, assuming that he will do so in short order, I would also like to make the Court aware that at no time did my office agree to handle any filing duties for the Plaintiff, other than such matters as the joint request for a new briefing schedule which your Honor signed last month.

Honorable Kent A. Jordan
November 15, 2006
Page 2

    Thank you for the opportunity to clear up any confusion on that last point.

                                        Respectfully submitted,

                                        */s/ Frederick H. Schranck*
                                        Frederick H. Schranck #925
                                        Deputy Attorney General
                                        *Attorney for Defendant State of Delaware*

FHS/cmt

Enclosure
cc:    Clerk, US District Court
        Kendall Rogers

RECEIVED OCT 3 1 2006
DEPUTY ATTORNEY GENERAL
DEPT. OF TRANSPORTATION

Plaintiff State of Delaware's Motion For Summary Judgment

KENDALL RAYE ROGERS,

    Plaintiff

                              C. A. No. 05-721-KAJ

    V.

STATE OF DELAWARE,

DEPARTMENT OF PUBLIC SAFETY/

DMV,

    Defendants


The Plaintiff moves for judgment as a matter of law, for reasons set forth in the documents that has been filed to support this motion.

                        Thank You

                        Kendall Raye Rogers

                        23 S. Kirkwood st

                        Dover, DE. 19904

                        3026781218

## STATEMENTS OF FACTS

1. The defendants went to a special meeting after the " no cause" finding was issued from the first discrimination charge; and then got the State Personnel to "unfreeze" a permanent position for Charing Party per an Americans with Disabilities Act during the State of Delaware hiring freeze.

2. Plaintiff was transferred 50 miles from his original job site less than a month after the no cause findings.

3. Charging party is the only black tech II in the department.

4. March 8, 2002 plaintiff was transferred to Dover Driver's Services Section and was told that the section was short staffed.

5. Plaintiff worked in the Dover site over a year.

6. Three white managers had a meeting on February 10 informing plaintiff he was involuntarily and permanently transferred to New Castle.

7. Defendants say they asked white co-workers if they wanted to volunteer to go to New Castle after Plaintiff had meet with managers and had been transferred to New Castle.

8. The Division Of Industrial Affairs says on June 30, 2003 that a Discrimination Act has occurred.

9. On January 15, 2003, Charging Party's received a no cause finding. On February 18, 2003, he was involuntarily transferred to another site 50 miles from his former work location. Charging party says that he was transferred because of his race and because he filed a charge of employment discrimination.

10. White co-worker told charging party that he had transferred from the inspection lane to driving license because of knee operation.

11. Plaintiff knows that there were two white co-worker with more experience and less senority who could have been transferred.

12. The EEOC of Philadelphia has agreed that evidence supports Charging party's allegation that he was discriminated against because of his race (black) and retaliated against because he filed a charge of discrimination.

13. I was the only person singled out for this assignment, I asked co-workers if they had been asked they told me no.

14. Management made statements that being the least senior technician II also was a factor in being chosen for the reassignment.

15. As the Plaintiff I have been discriminated against twice and the Attoney General Office should be ashamed of themselves to represent a state agency that has fabercated situation after situation.

16. U.S. Department of Justice, Washington, DC 20530, Civil Rights Division states that we forward the charging party a notice of right to sue.