IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENDALL RAYE ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-721-*** |
| | ) |
| STATE OF DELAWARE DEPARTMENT | ) |
| OF PUBLIC SAFETY, DMV | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Plaintiff, Kendall R. Rogers ("Rogers"), is a *pro se* litigant who filed this job discrimination matter based on race retaliation on October 7, 2005. D.I. 1. Rogers amended his complaint on October 18, 2005, in which he changed the date of which the discriminatory acts occurred to February 10, 2003 and noted that he filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 2, 2003. On July 14, 2006, Rogers filed a letter, which has been interpreted by the court as a motion for appointment of counsel, in which he requested the appointment of the "public defender when the case or complaint was filed. . . .", and asked about the status of his request.[1]   D.I. 21. For reasons contained herein, Rogers' motion for appointment of counsel is denied.

A plaintiff has no constitutional or statutory right to the appointment of counsel in a civil case. *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, a court in its discretion may appoint counsel. 28

---

[1] The court has reviewed the docket and records filed and cannot locate a request by Rogers prior to his July 2006 letter.

U.S.C. § 1915(e)(1). In particular, appointment may be appropriate "upon a showing of special circumstances indicating the likelihood of substantial prejudice" to the unrepresented party. *Tabron*, 6 F.3d at 154 (quoting *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir. 1984).

The non-exhaustive factors delineated in *Tabron* to determine whether appointment of counsel is appropriate are: (1) the plaintiff's ability to present his own case; (2) the complexity of the legal issues; (3) the extensiveness of the factual investigation necessary to effectively litigate the case and plaintiff's ability to pursue an investigation; (4) the degree to which the case may turn on credibility determinations; (5) whether the testimony of expert witnesses will be necessary; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *Id.* at 156-57; *Parham*, 126 F.3d at 457-58.

There are no circumstances in this case that make it appropriate for this Court to appoint counsel for Rogers at this time. Thus far, Rogers has done an adequate job in presenting his case. He filed a comprehensive complaint, filed discovery and has responded to a defense motion. He represented himself before the EEOC where he obtained a finding of cause. The allegations or legal issues are not sufficiently complex to warrant appointment of counsel. Rogers makes no argument of any disability, financial, physical or otherwise, in representing himself. He merely requests that the court appoint the "public defender."[2]

---

[2] The court assumes that Rogers' reference to a "public defender" is to the Federal Public Defender's Office in this jurisdiction. Under 18 U.S.C. § 3006A, a public defender may only be appointed in specific circumstances, mostly involving criminal matters. The situations under which representation is allowed pursuant to § 3006A (a)(1) do not apply to this matter.

Moreover, Rogers paid the filing fee to initiate this action and did not proceed *in forma pauperis*. He has presented no financial hardship and any other argument as to why counsel should be appointed as required under 28 U.S.C. § 1915.

ACCORDINGLY, IT IS HEREBY ORDERED that:

Rogers' Motion for Appointment of Counsel (D.I. 21) is DENIED.

UNITED STATES MAGISTRATE JUDGE

April 13, 2007
Wilmington, Delaware